### John B. Wallace *v.* H. F. Smith.

The failure of a tenant to pay the rent, authorizes the landlord to make affidavit that he has good reason to fear the property may be removed from the premises leased.
The landlord has a lien on goods on storage to the amount of storage due.

APPEAL from the First District Court of New Orleans, *Larue,* J. *Whittaker,* for plaintiff. *Livingston,* for defendant and appellant.

Buchanan, J. This is an appeal, taken from a verdict of a jury rendered for a number of months rent of a warehouse, at the corner of Perdido and Carondelet streets. The verdict was rendered in three consolidated suits, and we have looked through the evidence without finding a syllable of proof upon which the appellant can reasonably be supposed to expect to reverse the verdict.

The appellee has asked us to review the interlocutory judgments of the Court below, which set aside the provisional seizures in two of these consolidated suits.

In the first of the suits, No. 7689, a rule was taken on the plaintiff, to show cause why the writ of provisional seizure issued in the case should not be set aside, on the grounds, first, that the affidavit was untrue, and that defendant was ready at all times to pay the rent due; second, that the property seized was not liable to seizure.

In order to sustain these two points, defendant introduced evidence to show that he carried on the storage business, and that he was constantly receiving and sending away goods kept on storage. He also offered in evidence the writ itself, requiring the sheriff to seize the movable property on the premises, and also an inventory describing the nature of the movables seized. He furthermore offered in evidence the suit between the same parties, No. 7469, brought for the purpose of expelling defendant from the premises, on which said suit there is a judgment in favor of plaintiff, from which defendant has appealed. He also showed that he had deposited with the sheriff, a day or two after the seizure, the sum of $500; which evidence embraced all that was offered on the rule by the defendant, and on which said seizure was set aside.

Plaintiff, on the contrary, showed by the evidence of *Mr. Crane*, that defendant had offered to make him a bill of sale of certain carriages belonging to him, and which had been consigned to him originally by one *Mr. Saml. Oliver*, but for which he had settled with the said *Oliver*, and taken the carriages to his own account; that said said carriages were worth, say $1500; that defendant did not wish him to take them as a *bona fide* sale, but simply as nominal owner thereof. This occurred about a week prior to the seizure, and was evidently done for the purpose of screening said property from seizure. He further proved that some carriages and buggies, belonging to defendant, had been removed shortly before the seizure.

In suit 7822, consolidated with the last by order of Court, a rule was also taken to set aside the provisional seizure issued, on the following grounds : first, that the affidavit was untrue ; second, that the seizure of any sums due for rent in the hands of sub-tenants, is illegal; third, that said seizure was made from malicious motives, and to vex and harrass defendant. In this case, evidence of a similar character with that in the preceding case was offered, except that plaintiff also offered in evidence the lease of defendant to his sub-tenant, *Wilson.* It does not appear by the record that any seizure was actually made.

In each case, the affidavit for the provisional seizure was made in strict conformity with the 285th Article of the Code of Practice. The law gives to the landlord a privilege, and even a right of pledge, upon the property contained in the premises leased, to secure the payment of the rent. For the purpose of enforcing this lien, he is entitled to a writ of provisional seizure, upon making oath that he has good reason to fear the property may be removed from the premises leased.

In our opinion, the failure to pay the rent constitutes such good reason. In the case before the Court, other circumstances justified the allegation of fear of removal. The defendant had on the premises property for sale. Of course, when a purchaser should offer, and the sale be effected, the property would be removed. Such transactions were in the daily course of defendant's business. And even as to property on storage, and which was liable at any time to be re-

moved on the order of the parties storing, the landlord had a lien to the extent of the storage due.

The circumstances mentioned seem to be entitled to the more weight, in view of the fact of arrears of rent being due when the seizure was sued out. We think the writ of provisional seizure should have been maintained in these cases.

It is, therefore, adjudged and decreed that the verdict of the jury and judgment appealed from, be affirmed, with costs in both Courts, and with the privilege of lessor on the property provisionally seized.